**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| GWEN L. DILLE, and <br> OLIVER L. DILLE, <br><br> Plaintiffs, <br><br> vs. <br><br> RENAISSANCE HOTEL <br> MANAGEMENT COMPANY, LLC <br><br> Defendant, | ) <br> ) <br> ) <br> ) <br> )   Cause No.:  4:10-CV-1983-TIA <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**AMENDED COMPLAINT**

COMES NOW Plaintiffs, by and through counsel, and for their cause of action against Defendant Renaissance Hotel Management Company, LLC state to the Court as follows:

COUNT I

1. At all times mentioned herein Plaintiffs are citizens and residents for the State of Indiana.

2. At all times mentioned herein Defendant was a corporation organized and existing pursuant to law which owned/operated and/or managed a hotel known as Renaissance St. Louis Grand and Suites Hotel.

3. The Renaissance St. Louis Grand and Suites Hotel is located at 800 Washington Avenue, City of St. Louis, State of Missouri.

4. At all times mentioned herein Plaintiff Gwen Dille was a guest of the Renaissance St. Louis Grand and Suites Hotel.  On or about October 22, 2005, while a guest at the St. Louis Renaissance Grand and Suites Hotel, Plaintiff Gwen Dille was injured.  She fell and struck her head and right and left knees while at the hotel.  The fall in the

1

bathtub of Room 1539 was as the result of the negligence and carelessness of the defendant in failing to place a) grab bars in the tub and; b) failing to place appropriate anti-slip measures in and about the tub; c) defendants failed to warn persons, including Plaintiff Gwen Dille herein, of slippery conditions then and there exisiting in the bathroom of Room 1539 of the Renaissance St. Louis Grand and Suites Hotel.

5. On the aforementioned date for a period of time prior thereto, Defendant caused, permitted and/or allowed the unsafe condition to exist and Defendant knew or the exercise of ordinary reasonable care should have known that the condition and time thereof to have warned Plaintiff Gwen Dille of such condition.

6. Defendant failed to exercise ordinary care to discover that unsafe and dangerous conditions of the premises when it could, in the exercise of ordinary care, have discovered the conditions in time to have remedied them and to have prevented injury Plaintiff Gwen Dille.

7. As a direct and proximate result of the negligence and carelessness of Defendant Plaintiff Gwen Dille suffered serious and permanent injuries, to wit:  head injury, injuries to the left and right knee and all said injuries are severe, painful and progressive.  Further that Plaintiff Gwen Dille has suffered and will suffer severe pain of body, and that Plaintiff Gwen Dille was required to receive medical and hospital care and treatment and in the future will be required to receive additional medical care and treatment; all of said injuries and the effects thereof are serious, permanent, and progressive in nature in that the function and use of the said parts of her body have been seriously and permanently impaired, weakened and rendered painful; that Plaintiff Gwen Dille's ability to work and enjoy the pleasures of life have been

    lessened, weakened and diminished.

8. As a direct and proximate result of the said occurrence and injuries sustained by Plaintiff Gwen Dille, she has been caused to incur medical expenses for medicine, doctors, hospitals, prescriptions and durable medical equipment in such sums in excess of $50,000.00 and will in the future be required to expend further sums, the exact amount of which cannot be definitely ascertained at this time.

9. Plaintiff Gwen Dille has been caused to miss work as a direct result of the negligence of Defendant and has incurred lost wages in excess of $10,000.00.

10. At all times mentioned herein defendant was acting by and through its agents, servants and employees.

WHEREFORE, Plaintiff Gwen Dille prays judgment in her favor and against Defendant in an amount that is fair and reasonable in excess of $25,000.00, for her costs herein expended, and for such other and further relief as this Court may deem just and proper.

### COUNT II – CONSORTIUM CLAIM

COMES NOW Plaintiff Oliver Dille, by and through counsel, and for his Consortium Claim against Defendant states as follows:

1. At all times mentioned herein, Plaintiff Oliver Dille was the lawfully wedded spouse of Plaintiff Gwen Dille.

2. As a direct and proximate result of the negligence of Defendant Oliver Dille suffered the lost of consortium, companionship, comfort, instruction, guidance, counsel and support of his wife, Gwen Dille.

3. Plaintiff Oliver Dille reasserts herein the allegations of Count I of Plaintiffs' Amended Complaint as though the same were more fully set forth herein and

incorporates by reference the allegations of Count I of Plaintiffs' Amended Complaint  as though the same were more fully set forth herein.

WHEREFORE, Plaintiff Oliver Dille prays for damages in excess of $25,000.00 that is fair and reasonable under the circumstances and for his costs expended herein.  Plaintiff's prayer for damages exceeds the jurisdictional limit of all inferior trial courts.

>
> NIEDNER, BODEUX, CARMICHAEL,
> HUFF, LENOX, AND PASHOS, L.L.P.
> 131 Jefferson Street
> St. Charles, Missouri  63301
> (636) 949-9300 phone/ (636) 949-3141 Fax
> Attorneys for Plaintiffs
>
>
>
> By s/_____
>         THEODORE G. PASHOS   #32594MO

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was sent via first class mail, postage prepaid this 25thday of March, 2011 to:  Joseph R. Swift, Attorney for Defendant, 1010 Market Street, 20th Floor, St. Louis, MO  63101.

>
> _____
> Theodore G. Pashos

4