UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GWEN L. DILLE, et al., )
)
Plaintiffs, )
)
v. ) Case No. 4:10CV1983 TIA
)
RENAISSANCE HOTEL MANAGEMENT )
COMPANY, LLC , )
)
Defendant. )

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's unopposed motion for summary judgment. (Docket No. 29). Despite multiple extensions of time to do so, Plaintiff has failed to file any opposition to the summary judgment motion. (Docket Nos. 33 and 36). Because the undisputed facts demonstrate that Defendant is entitled to judgment as a matter of law, the motion for summary judgment will be granted. All matters are pending before the undersigned United States Magistrate Judge, with the consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff s Gwen Dille and Oliver Dille filed the instant action against Defendant Renaissance Hotel Management Company, LLC, the owner of the Renaissance St. Louis Grand and Suites Hotel ("Hotel"), alleging that on October 22, 2005, Ms. Dille, a guest at the Hotel, fell in the bathtub of Room 1539 and sustained injuries. (Plaintiffs' Am. Compl., Count I, Docket No. 22 at ¶ 4). Ms. Dille seeks monetary damages, including lost wages and medical expenses, caused by Defendant's carelessness and negligence in failing to place grab bars in the bathtub; failing to place anti-slip measures inside the bathtub; and failing to warn guests of the slippery conditions. (Id. at ¶¶ 4, 7-9). Plaintiff Oliver Dille seeks damages for loss of consortium. (Plaintiffs' Am. Compl., Count II at ¶

2).

Defendant has filed a motion for summary judgment claiming that there are no genuine issues of material fact and that Defendant is entitled to judgment as a matter of law. Although this Court has granted Plaintiffs two extensions of time to respond to Defendant's motion, Plaintiffs have not done so.

Pursuant to Rule 56(c), Federal Rules of Civil Procedure, a court may grant summary judgment if the information before the court shows that there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The burden of proof is on the moving party to set forth the basis of the motion, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), and the court must view all facts and inferences in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986). Once the moving party shows there are no material issues of fact in dispute, the burden shifts to the adverse party to set forth facts showing there is a genuine issue for trial. Id. The non-moving party may not rest upon her pleadings, but must come forward with affidavits or other admissible evidence to rebut the motion. Celotex, 477 U.S. at 324.

In passing on a motion for summary judgment, the Court must review the facts in a light most favorable to the party opposing the motion, and give that party the benefit of any inference that logically can be drawn from those facts. Buller v.Buechler, 706 F.2d 844, 846 (8th Cir. 1983). The Court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976). At the summary judgment stage, the undersigned will not weigh the evidence and decide the truth of the matter, but rather the undersigned need only determine if there is a genuine issue of material fact for trial. Anderson, 477

U.S. at 249. Summary judgment is not appropriate unless all the evidence points one way and is susceptible to no reasonable inferences sustaining the position of the nonmoving party." Hindman v. Transkrit Corp., 145 F.3d 986, 990 (8th Cir. 1998) (citations omitted); Bassett v. City of Minneapolis, 211 F.3d 1097, 1099 (8th Cir. 2000). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 at 248. Further, if the nonmoving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, ... there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23. Nonetheless, it is clear to survive summary judgment, a plaintiff must support his/her allegations with sufficient probative evidence to permit a finding in the plaintiff's favor based upon more than mere speculation, conjecture, or fantasy. Putnam v. Unity Health Sys., Inc. 348 F.3d 732, 733-34 (8th Cir. 2003). "'Only disputes over the facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" Bass v. SBC Commc'ns, Inc., 418 F.3d 870, 872-73 (8th Cir. 2005) (quoting Anderson, 477 U.S. at 248).

**The Undisputed Evidence before the Court on the Motion**

Viewing all facts and drawing all reasonable inferences in the light most favorable of the nonmoving party, plaintiff, A. Brod, Inc. v. SK & I Co., L.L.C., 998 F. Supp. 314, 320 (S.D.N.Y. 1998), the Court sets forth the following facts as established by the depositions, affidavits, and the records submitted by the parties:

Plaintiffs Gwen Dille and Oliver Dille filed the instant action against Defendant Renaissance

Hotel Management Company, LLC, the owner of the Renaissance St. Louis Grand and Suites Hotel ("Hotel") alleging that on October 22, 2005, Ms. Dille, a guest at the Hotel, fell in the bathtub of Room 1539 and sustained injuries. (Plaintiffs' Am. Compl, Count I , Docket No. 22 at ¶ 4). Ms. Dille seeks monetary damages, including lost wages and medical expenses, caused by Defendant's carelessness and negligence in failing to place grab bars in the bathtub; failing to place anit-slip measures inside the bathtub; and failing to warn guests of the slippery conditions. (Id. at ¶¶ 4, 7-9).

Plaintiff Oliver Dille, the spouse of Gwen Dille, seeks monetary damages for loss of consortium. (Plaintiffs' Am. Compl., Count II, at ¶ 2).

**Discussion**

This Court has not located, nor have the parties cited, any case law from this jurisdiction concerning the liability of hotels to invitees, such as Plaintiffs, who sustain injury while using the hotel's bathtub. Accordingly, the Court must look to the Restatement of Torts and to case law from other jurisdictions in deciding the issues presented in this case.

**A. The Hotel Owed No General Common-Law Duty of Care to Plaintiffs**

To prevail in a negligence action under Missouri law, a plaintiff must establish that (1) the defendant owed his a duty of care, (2) the defendant breached that duty, and (3) he suffered an injury proximately caused by the defendant's breach. Lopez v. Three Rivers Elec. Coop. 26 S.W.3d 151, 155 (Mo. banc 2000). "Whether a duty exists purely is a question of law," suitable for determination on summary judgment. Id.;Hoffman v. Union Elec. Co., 176 S.W.3d 706, 708 (Mo. banc 2005). Thus, the Hotel's liability is premised on whether the Hotel owed a duty to Plaintiffs.

With respect to innkeepers, the Restatement (Second) of Torts § 314A(1)-(2) obligates innkeepers "to protect [their guests] against unreasonable risk of physical harm." An open and

obvious hazard is insufficient to establish liability.  See Restatement Second of Torts §343A("a possessor of land is not liable to his invitees for physical harm caused to them by an activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.")

Plaintiffs contend that their injuries were caused by the Hotel's carelessness and negligence in failing to place grab bars in the bathtub and anti-slip measures inside the bathtub.  The Hotel argues that it is entitled to judgment as a matter of law inasmuch as the negligence claim is barred by the open and obvious nature of the condition of the bathtub and the lack of duty to place a grab bar or an anti-slip mat in the bathtub.  The undersigned agrees.

Several courts have held in bathroom slip-and-fall cases that plaintiffs must be charged with the knowledge that bathtubs are slippery when wet.  See, e.g., Kutz v. Koury Corp., 377 S.E.2d 811, 813 (N.C.App. 1989) ("It is common knowledge that bathtub surfaces, especially when water and soap are added, are slippery and that care should be taken when one bathes or showers."); Brault v. Dunfey Hotel Corp., 1988 WL96814, *21-22 (E.D.Pa. 1988)(noting that "[t]he majority of courts charge guests with reasonable use of their senses to keep a lookout for open and obvious conditions in bathrooms" including the fact "that water is slippery on tub or shower surfaces.").

The Court finds that because the potential danger created when a bathtub becomes wet is not hidden or difficult to ascertain, there is no duty, as a matter of law, to provide precautions against such conditions.  In finding no duty of an innkeeper to provide bathmats to guests, the court opined "that the surface of a bathtub, even when wet, is not unreasonably dangerous."  Brown v. Dover Downs, Inc., 2011 WL 3907536, at *7 n.71 (Del.Super. 2011).  Jones v. Abner, 335 S.W.3d 471, 476 (Ky.App. 2011)  (finding no duty to equip bathtub with safety strips or hand-holds inasmuch as

the risks inherent in bathing and showering were open, apparent, and obvious to anyone who had ever taken a bath or shower); Churchwell v. Red Roof Inns, Inc., 1998 WL 134329, *3 (finding no common law duty breached by defendant innkeeper's failure to provide skid strips, hand-holds, or grab bars) LaBart v. Hotel Vendome Corp., 213 F.Supp. 958 (D. Mass. 1963) (defendant not liable for injuries sustained by plaintiff who fell in bathtub that was not equipped with a bathmat).

**B. The Hotel's Failure to Warn Guests of the Slippery Conditions**

Missouri has adopted the Restatement of Torts § 343 which provides that a possessor of land is liable to an invitee such as Plaintiff Gwen Dille only if the possessor:

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

Harris v. Niehaus, 857 S.W.2d 222, 225-26 (Mo. banc 1993) (quoting Restatement (Second) of Torts, § 343)).

Plaintiffs' inability to establish that the bathtub creates a dangerous condition precludes them from establishing premises liability. "[W]ithout some testimony or other evidence from which it can be inferred there was a dangerous condition[,] there is no foundation for premises liability." Badovinatz v. Brown, 192 S.W.3d 445, 449 (Mo. Ct. App. 2006). Plaintiffs have provided no evidentiary support. Accordingly, Plaintiffs have failed to establish that the bathtub created a dangerous condition.

Nonetheless, even if the facts suggested that the bathtub was dangerous, it was an open and obvious danger precluding liability as a matter of law.

To meet the applicable standard of care a possessor of land must (1) exercise reasonable care; (2) disclose to the invitee all dangerous conditions which are known to the possessor and are likely not to be discovered by the invitee; and (3) see that the premises are safe for the reception of a visitor, or at least ascertain the condition of the land, to give such warning that the invitee may decide intelligently whether or not to accept the invitation, or may protect himself against the danger if does accept it. Under the second element of Section 343, when the dangerous condition is so open and obvious that the invitee should reasonably be expected to discover it and realize the danger, a possessor of land does not breach the standard of care owed to invitees “unless the possessor should anticipate the harm despite such knowledge or obviousness. Harris v. Niehaus, 857 S.W.2d 222, 226 (Mo. banc 1993).

In general, a possessor of land does not have a duty to protect invitees against conditions that are open and obvious as a matter of law. Peterson v. Summit Fitness, Inc., 920 S.W.2d 928, 933 (Mo. Ct. App. 1996). “[W]here the danger is open and obvious as a matter of law and the risk of harm exists only if the plaintiff fails to exercise due care,” the possessor will not be held liable. Harris, 857 S.W.2d at 226.

As the comments to the Restatement instruct:

> The possessor of land may reasonably assume that ... [an invitee] will protect [her]self by the exercise of ordinary care, or that [she] will voluntarily assume the risk of harm if [she] does not succeed in doing so. Reasonable care on the part of the possessor therefore does not ordinarily require precautions, or even warning, against dangers which are known to the visitor, or so obvious to [her] that [she] may be expected to discover them.

Restatement (Second) of Torts, § 343A CMT. e.

The Hotel contends that the dangerous condition of the bathtub was open and obvious, and

that the risk of harm existed only due to Plaintiff Gwen Dille's failure to exercise due care, and therefore, should be relieved of liability. The undersigned agrees.

The majority of courts have held that the inherently slippery nature of a wet bathtub is an "open and obvious" condition, of which an innkeeper defendant has no duty to warn or otherwise address. Brault v. Dunfey Hotel Corp., 1988 WL96814 (E.D.Pa. 1988) (finding no duty to provide guests with bathmats or otherwise warn guests of the inherently slippery nature of a wet bathtub). See also Kutz v. Koury Corp., 377 S.E.2d 811, 813 (N.C.App. 1989) ("It is common knowledge that bathtub surfaces, especially when water and soap are added, are slippery and that care should be taken when one bathes or showers."); Chyle v. Beryl's Motor Hotel, 171 N.E.2d 355, 358 (Ohio App. 1961) (noting that although slipping is an ever present possibility, bathing is generally not recognized as an obviously dangerous task).

**C. Loss of Consortium**

Mr. Dille's right to recover for loss of consortium is derivative of his wife's right to recover. Missouri has consistently followed the well-established rule that the plaintiff's right to recover for loss of consortium of her spouse is derivative only, so that if the spouse has no valid claim for personal injuries, the plaintiff cannot recover special damages flowing there from. See Wright v. Barr, 62 S.W.3d 509, 537 (Mo. Ct. App. 2001) ("A claim for loss of consortium is derivative of the injured spouse's claim, which means 'the defendant must be proved to have caused the original injury, which in turn caused the spouse to suffer.'"). Because the claim of Mr. Dille for loss of consortium is a derivative cause of action, it must also fail as a matter of law inasmuch as his claim was contingent up on the success of his injured spouse's action.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Docket No. 29) is GRANTED.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

/s/Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this 25th day of June, 2012.