UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GWEN L. DILLE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No.  4:10CV1983 TIA |
| | ) |
| RENAISSANCE HOTEL MANAGEMENT COMPANY, LLC , | ) ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Set Aside Order Granting Summary Judgment.  (Docket No. 39).  Defendant filed Opposition (Docket No. 41) and Plaintiffs filed a Reply (Docket No. 44) thereto.  For the reasons set forth, I will deny the motion.  All matters are pending before the undersigned United States Magistrate Judge, with the consent of the parties, pursuant to 28 U.S.C. § 636(c).

Although the Court granted Plaintiffs two extensions of time to respond to Defendant's motion, Plaintiffs failed to do so.  Any responsive pleading should have been filed no later than March 30, 2012.  The record shows Plaintiffs neither filed a responsive pleading nor requested additional time to do so.  Because the undisputed facts demonstrated that Defendant is entitled to judgment as a matter of law, the undersigned granted the motion for summary judgment on June 25, 2012.  Plaintiffs now move to alter or amend that judgement under Rule 59(e) or Rule 60(b)(1).  Fed. R. Civ. P.

Discussion

Under Rule 59(e) motion to alter or amend a judgment, "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." White v. N.H. Dep't of Emp't Sec., 455 U.S. 445, 450 (8th Cir. 1982). Rule 59(e) motions, "serve the limited function of correcting 'manifest errors of law'" and "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to the entry of judgment." U.S. v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 934 (8th Cir. 2006); Illinois Valley Paving Co. v. Old Republic Ins. Co., 2012 WL 1134798, at *1 (E.D. Mo. March 31, 2012) (Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.")(quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-28 (2d ed. 1995) (internal quotation omitted)). Rather, such motions serve the limited function of corrections of "manifest errors of law or fact or to present newly discovered evidence." Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988). See Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (("Rule 59(e) motions serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'"). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metro. Lif Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000). To prevail on a Rule 59(e) motion by presenting newly discovered evidence, the movant must show that: (1) the evidence was discovered after judgment was entered; (2) the movant exercised due diligence to discover the evidence before judgment was entered; (3) the evidence is material and not merely cumulative or impeaching; and (4) reopening of the case to consider the new

evidence would probably produce a different result.  See Metro. St. Louis Sewer, 440 F.3d at 933.

Further, "any motion questioning the correctness of a judgment is functionally a Fed. R. Civ. P. 59(e) motion, regardless of how the motion is styled." Norman v. Ark. Dept. of Educ., 79 F.3d 748, 750 (8th Cir. 1996).  Rule 60(b)(1) allows a correction of a judgment based on a "mistake, inadvertence, surprise, or excusable neglect" that effected a judgment.  "The rule 'provides extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.'" Jones v. Swanson, 512 F.3d 1045, 1048 (8th Cir. 2008) (citing United States v. Young, 806 F.2d 805, 806 (8th Cir. 1986)).  Plaintiffs' motion will thus be considered under Rule 59(e).

Plaintiffs failed to file a responsive pleading to the summary judgment motion, despite having been granted two extensions of time to do so.  Unfortunately, all of Plaintiffs' arguments concern allegations of new evidence, and there is no indication that Plaintiffs could not have offered this evidence before the undersigned entered judgment.  A Rule 59(e) motion "cannot be used to introduce new evidence" ... "which could have been offered or raised prior to the entry of judgment." Metro. St. Louis Sewer Dist., 440 F.3d at 934.[1]  Thus, Plaintiffs' arguments are not persuasive, and they do not raise any additional issues that have not already been considered.  Accordingly, Plaintiffs' attempt to introduce new evidence is without merit.

---

[1]The Court notes that in the Petition for Damages, Plaintiffs only allege liability stemming from negligence in failing to place grab bars; to place appropriate anti-slip measures; and to warn persons of the slippery conditions.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Set Aside Order Granting Summary Judgment (Docket No. 39) is DENIED.

                                                /s/Terry I. Adelman
                                    UNITED STATES MAGISTRATE JUDGE

Dated this   19th   day of November, 2012.